UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES - GENERAL

| Case No.: | CV 21-00709 AB (ASx) | Date: | May 10, 2021 |
|---|---|---|---|

| Title: | *Clifton Walker v. Pedro Zuniga et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER DISMISSING ACTION FOR LACK OF PROSECUTION**

On April 29, 2021, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for lack of prosecution because Plaintiff failed to file a proof of service within 90 days of filing the Complaint, as required by Fed. R. Civ. P. 4(m). *See* OSC (Dkt. No. 10). On May 4, 2021, in response to the OSC, Plaintiff dismissed Defendant Pedro Zuniga (Dkt. No. 12), and filed a Proof of Service showing service was made on Defendant John B. Tom on March 1, 2021. *See* Proof of Service (Dkt. No. 11). As reflected on the Proof of Service, Defendant Tom's response was due March 22, 2021. As of this Order, Defendant Tom has not responded, and Plaintiff has not sought entry of default.

The Court issued its OSC for Plaintiff's failure to file a proof of service well after Defendant Tom's deadline to respond passed. Although Plaintiff did file the Proof of Service, he did not seek entry of default despite the deadline for Tom to respond having passed well before the OSC was issued. It appears that Plaintiff is failing to prosecute this action until the Court prompts him with another OSC for failure to prosecute.

The onus of prosecuting a case is on the Plaintiff, regardless of whether the Court issues an OSC. Plaintiff's counsel has filed many cases on behalf of several serial ADA litigants, and this Court and many others have issued numerous similar OSCs for failure to prosecute in those cases. Yet Plaintiff routinely waits to act until the Court issues an OSC, sometimes resulting in three OSCs issued in a case, needlessly wasting the Court's scarce resources. This Court previously dismissed a case filed by the same counsel for the same lack of prosecution. *See Columbus Grigsby v. Vasile Properties Airport Plaza, LLC, et al.*, CV 20-010437 AB (MRWx). Thus, counsel is aware that failing to prosecute as set forth above could result in dismissal.

As the Court has previously issued an OSC in this case, and as the deadline to respond to the Complaint passed even before that OSC was issued, Plaintiff knew or should have known that the onus was on him to not only file the Proof of Service but also to seek entry of default. He did not seek entry of default. The Court declines to issue yet another OSC in this case. Instead, the Court hereby **DISMISSES** this action for failure to prosecute.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

**IT IS SO ORDERED**.